**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| **DAVID F. SUND,** | Case No. |
| **Plaintiff,** | |
| **v.** | **COMPLAINT FOR DAMAGES** |
| **MARRIOTT INTERNATIONAL, INC.,** | **DEMAND FOR JURY TRIAL** |
| **Defendant.** | |

COMES NOW, Plaintiff David F. Sund, by and through his attorneys, Jason W. Fernandez

of Greenberg & Bederman, LLC, and sues the Defendant, MARRIOTT INTERNATIONAL, INC.

and in support thereof, states as follows:

## JURISIDICTION AND VENUE

1.      Federal diversity jurisdiction exists pursuant to 28 U.S.C. §1332.  Plaintiff is a

resident of the state of Oregon and Defendant has a principal place of business in the state of

Maryland.  Therefore, complete diversity of citizenship exists.  The amount in controversy,

exclusive of interests and costs, exceeds $75,000.

2.      Venue in the Southern District of Maryland is proper pursuant to 28 U.S.C. §1391

as Defendant is a corporation with a principal place of business in Montgomery County,

Maryland, which lies within this District.

## PARTIES

1.   Plaintiff David F. Sund ("Plaintiff") is and all times relevant was over the age of 18.  At

the time of the incident alleged herein, he was a resident of San Jose, Santa Clara County,

California. Plaintiff is currently a resident of Cannon Beach, Clatsop County, Oregon.  As set forth herein, Plaintiff was injured as a result of Defendant's actions or inaction.

2.      Defendant Marriott International, Inc. (hereinafter "Marriott") is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 10400 Fernwood RD, Bethesda, Bethesda County, Maryland 20817.

3.      At all times relevant to this matter, Defendant Marriott regularly conducted business in Maryland through its agents, servants and employees.

## FACTS

4.      Plaintiff was, at all times relevant, an employee of Amazon.com, Inc. ("Amazon"), a national corporation focused on e-commerce. As the Global Community Manager, Plaintiff oversaw and managed sourcing products from China for sale on Amazon's platforms.  This required Plaintiff to travel to China on a regular basis such that Plaintiff spent a significant amount of time in China. Due to the injuries Plaintiff suffered, as more fully described herein, Plaintiff is permanently disabled and no longer able to travel long distances. As such, he is being placed on long term disability and can no longer work for Amazon.

5.      Amazon had a "Global Travel Policy" that all employees traveling for business were required to follow, in part to ensure the safety and security of its employees. Per Amazon's travel policy, employees were required to book all travel, including hotel reservations, through Amazon's travel management company, Carlson Wagonlit Travel ("CWT"). In booking hotel arraignments, CWT selects from certain hotel brands with which Amazon has a negotiated preferred rate.

6.      Amazon has a negotiated agreement with Marriott hotels and participates in the Marriott Strategic Partnership program. Under this program, Amazon employees receive special global corporate preferred rates at all Marriott/Starwood brands.

7.      In accordance with the Marriott Strategic Partnership program, Plaintiff booked the Sheraton Shenzhen Futian Hotel, part of the Marriott/Starwood brand and a qualifying hotel for the Marriott Strategic Partnership Program, for his multiple business trips to Shenzhen, including his last trip in August 2018.

8.      At the time of booking the hotel, Plaintiff reasonably believed that the Sheraton Shenzhen Futian Hotel was owned by Defendant Marriott.

9.      Sheraton Shenzhen Futian Hotel ("Sheraton Hotel") was part of The Marriott Strategic Partnership program.  As such, Marriott was responsible for the management and operation of the Sheraton Hotel.

10.     Marriott International, Inc. was founded in 1927 and is headquartered in Bethesda, Maryland. Marriott operates, franchises, and licenses hotel, residential, and timeshare properties worldwide. Marriott operates its properties under several different brand names, one of which is Sheraton.   As of June 2019, Marriott operated approximately 7,000 properties under 30 hotel brands in 131 countries and territories.

11.     In 2016, Marriott International, Inc. acquired Starwood Hotels & Resorts Worldwide, which operated numerous hotel brands, including Sheraton.

12.     On or about August 21, 2018, Plaintiff was staying at the Sheraton Hotel located at Great China International Exchange Square, No.1 Fuhua Road, Futian District, Shenzhen 518048 China.

COMPLAINT FOR DAMAGES

13.     At approximately 5:00 p.m., Plaintiff was exiting the Sheraton Hotel via the

hotel's only exit which exited out to the carport area.  The covered outdoor lobby area between

the hotel door and the carport was brown marble and it was wet.   Upon exiting the hotel and

stepping out into the outdoor lobby area adjacent to the carport area, Plaintiff's feet slipped out

from beneath him and he landed square on his tailbone.  Plaintiff heard a crack as he landed and

was immediately in excruciating pain, unable to get up. Sheraton Hotel employees did not call an

ambulance but helped Plaintiff  get to his hotel room.

14.     Once in his hotel room, the pain was unbearable, and Plaintiff called a colleague

who helped arrange for an ambulance. Plaintiff was transported to a Shenzhen hospital in China

where it was confirmed Plaintiff suffered a lumbar fracture.

15.     At the direction of physicians at the hospital in Shenzhen, Plaintiff was

transferred to Mathilda Hospital, in Hong Kong, on or about August 22, 2018 where he was

admitted for over three weeks before he was discharged on or about September 13, 2018.

16.     Plaintiff was discharged with significant ongoing pain and functional impairment.

Plaintiff required the use of a Thoracic Lumbar Sacral Orthosis ("TLSO") brace and crutches for

mobility and recovery.

17.     Plaintiff flew back to the United States on or about September 13, 2018.

18.     Once home in the United States, Plaintiff continued care and treatment at Kaiser

Permanente San Jose Medical Center.

19.     Despite months of treatment and physical therapy, Plaintiff  continues to suffer

ongoing pain, limiting virtually all aspects of his daily living activities, including but not limited

to sitting for any extended period of time, walking, bending forward, lifting, or twisting.

Plaintiff's mobility is substantially impaired due to his injury, and as a result, he is unable to

COMPLAINT FOR DAMAGES

perform basic functions such as making his bed, and doing laundry for himself due to the

significant pain these activities cause.

20.     Due to Plaintiff's limited mobility, functional impairment, and inability to sit for

long periods of time and therefore travel long distances, all of which are a direct result of his fall

at the Sheraton Hotel, Plaintiff has not been able to return to his employment with Amazon and

he has been placed on permanent disability.

21.     Plaintiff continues to seek treatment for symptoms resulting from his fall at the

Sheraton Hotel, and will continue to suffer lasting consequences from his accident.

## FIRST CAUSE OF ACTION

### (PREMISES LIABILITY)

22.     The preceding paragraphs of this Complaint are re-alleged and incorporated as it

fully set forth herein.

23.     Upon information and belief, at all times relevant, Marriott, its agents and

employees, operated, maintained, supervised and controlled the Sheraton Hotel.

24.     On or about August 21, 2018, Plaintiff was lawfully on the subject premises as an

invited guest.

25.     On or about August 21, 2018, Marriott owed Plaintiff a duty of reasonable care in

keeping the hotel premises in a reasonably safe condition, by inter alia, preventing or curing any

dangerous condition, or warning of any reasonably knowable dangerous condition, including but

not limited to the slippery condition of the wet marble decking outside its hotel.

26.     Defendant Marriott breached its duty to Plaintiff in maintaining, operating and

managing the Sheraton Hotel by failing to exercise reasonable care to keep the hotel in a

reasonably safe condition.

27.     On or about August 21, 2018, Defendant Marriott and its agents or employees failed to prevent, discover and or cure the dangerous condition of the perilously slippery, wet brown marble decking where it knew hotel guests would be walking.

28.     Defendant Marriott, its agents or employees, knew, or in the exercise of reasonable care and inspection, should have known of the dangerous condition of the wet, brown marble decking and failed to take reasonable care to protect others, including Plaintiff, from an unreasonable risk of harm.  There were no obvious signs or barriers to warn that the surface was wet and even more slippery than it already was when it was dry.  More importantly, Marriott's agents and employees failed to employ standard reasonable measures such as rugs, mats or treads to cure the dangerous condition and prevent hotel guests, including Plaintiff, from slipping and falling on the smooth wet surface.

29.     On or around August 21, 2018, Marriott, its agents and or employees, knew or should have known in the exercise of reasonable diligence, that the surface outside the exit of the Sheraton Hotel would be traversed by hotel guests and the public, including Plaintiff, without inspection for danger.  This accident occurred high traffic area of the hotel premises where hotel guests had to traverse in order to enter or exit the hotel.

30.     On or around August 21, 2018, Marriott, its agents and or employees knew or should have known upon reasonable inspection that the brown marble decking surface on the way to the carport was wet and, as a result, extremely slippery.

31.     Marriott, its agents and or employees, failed to exercise reasonable care to discover, the dangerous condition of the slippery, wet thoroughfare and failed to take reasonable care to protect others from harm from said dangerous condition by curing and or warning of the condition

COMPLAINT FOR DAMAGES

32.     The failure of Marriott, its agents and or employees, to take reasonable measures to warn of or cure the unreasonably dangerous condition created an unreasonable risk of harm to others, including Plaintiff.

33.     Defendant Marriott's failure to take reasonable steps to maintain the Sheraton Hotel in a reasonably safe condition was a substantial factor in causing Plaintiff's injuries.

34.     As a direct and proximate result of Defendant's failure to operate and maintain the Sheraton Hotel in a reasonably safe condition Plaintiff was caused to suffer severe and permanent injuries and damages, including but not limited to physical injuries, pain and suffering, mental anguish, significant economic loss, and the need for continuing care and treatment, and he will continue to suffer such damages in the future.

## SECOND CAUSE OF ACTION

### (NEGLIGENCE THROUGH OSTENSIBLE AGENCY)

35.     The preceding paragraphs of this Complaint are re-alleged and incorporated by reference.

36.     At all times relevant, appearances created by Defendant Marriott led Plaintiff to reasonably believe that Marriott International controlled, managed, and operated the Sheraton Shenzhen Futian Hotel and its agents and employees.

37.     Plaintiff's travel arrangements were made via CWT, which, upon information and belief, adheres to Amazon's Global Travel Policy and negotiated with Marriott hotels under the Marriott Strategic Partnership program.

38.     The Sheraton Hotel is a hotel under the Marriott Strategic Partnership Program, and as such Amazon employees receive a preferred rate when they book the Sheraton Hotel.

COMPLAINT FOR DAMAGES

39.     The Sheraton Hotel is listed on the Marriott website and bookings can be made directly on the Marriott website.

40.     Plaintiff's belief that the Marriott operated, managed and controlled the Sheraton Hotel was objectively reasonable under the circumstances.

41.     At all times herein mentioned, Plaintiff relied upon the above-mentioned belief in making the decision to stay at the Sheraton Hotel. Plaintiff booked the Sheraton Hotel under the belief that the hotel was a Marriott Hotel approved by Amazon to ensure his safety and security during his business trip.

42.     The negligent acts of the agents or employees at the Sheraton Hotel were committed while they were acting as apparent and/or ostensible agents and/or employees of Defendant Marriott.

43.     As Sheraton Hotel's apparent and/or ostensible principal and/or employer, Defendant Marriott International, Inc. is responsible for all negligent acts committed by the agents and employees of the Sheraton Hotel in the performance of their apparent and/or ostensible agency and/or within the scope of their apparent and/or ostensible employment, as well as the injuries that Plaintiff sustained as a direct and proximate result of these negligent acts.

44.     At all times relevant, the employees or agents of the Sheraton Hotel, acting as apparent or ostensible agents of Defendant Marriott, were responsible for the day to day care, upkeep and maintenance of the Sheraton Hotel.

45.     The employees or agents of the Sheraton Hotel had a duty to exercise reasonable care and caution for the safety of others, including Plaintiff.

46.     The employees or agents of the Sheraton Hotel knew or should have known in the exercise of reasonable diligence that the area where Plaintiff exited the hotel on the way to the

COMPLAINT FOR DAMAGES

carport and slipped and fell was a high traffic area that would be traversed by the public without inspection for danger.

47.     As stated above, the employees or agents of the Sheraton Hotel failed to exercise reasonable care to prevent, discover, cure and or adequately warn of the dangerous condition that existed on August 21, 2018, namely the perilously wet and slippery brown marble decking on the way out to the hotel carport.

48.     As a direct an proximate result of the failure of the agents or employees of the Sheraton Hotel in their capacity as apparent or ostensible agents of Defendant Marriott, Plaintiff slipped and fell on the wet, slippery brown marble decking on his way out to the carport, sustaining severe and permanent injuries and damages, including but not limited to physical injuries, pain and suffering, mental anguish, significant economic loss, and the need for continuing care and treatment, and he will continue to suffer such damages in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Defendant on each of the above-referenced claims and causes of action and as follows:

1.     Awarding compensatory damages in excess of the jurisdictional amount, including, but not limited to pain, suffering, emotional distress, loss of enjoyment of life, and other non-economic damages in an amount to be determined at trial of this action;

2.     Awarding compensatory damages to Plaintiff for past and future damages, including, but not limited to, Plaintiff's pain and suffering and for severe and permanent personal injuries sustained by the Plaintiff including health care costs and economic loss;

3.     Awarding economic damages in the form of medical expenses, out of pocket expenses, lost earnings and other economic damages in an amount to be determine at trial of this

action;

4.       Pre-judgment interest;

5.       Post-judgment interest;

6.       Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury as to all issues.

DATED: September 24, 2019          Respectfully submitted,

**GREENBERG & BEDERMAN, LLC**


By:  /s/Jason Fernandez_____
Jason Fernandez (29069)
1111 Bonifant Street
Silver Spring, MD 20910
Telephone: (301) 589-2200
Facsimile:  (240) 485-1670
Email:   jfernandez@gblawyers.com

**LEVIN SIMES ABRAMS LLP**


By:  /s/Meghan E. McCormick (To be admitted Pro Hac Vice)
1700 Montgomery Street, Suite 250
San Francisco, CA 94920
Telephone: (415) 426-3000
Facsimile: (415) 426-3001
Email: mmcormick@levinsimes.com

*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES